**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6162**

JOHN EDWARD BUTLER,

             Plaintiff - Appellant,

      v.

LUTHER JOHNSON BRITT, Robeson County District Attorney; HENRY WARD
OXENDINE, Assistant District Attorney; ROBESON COUNTY SHERIFF'S
DEPARTMENT; CLERK OF SUPERIOR COURT, Robeson County Superior
Court; DETECTIVE JOHN MOORE, Lumberton Police Department,

             Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh.  Terrence W. Boyle, District Judge.  (5:15-ct-03023-BO)

Submitted:  August 23, 2018                          Decided:  August 28, 2018

Before DUNCAN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

John Edward Butler, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Edward Butler seeks to appeal the district court's order dismissing as frivolous his 42 U.S.C. § 1983 (2012) motion. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on October 8, 2015. The notice of appeal was filed on February 13, 2018.[*] Because Butler failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We also deny as moot Butler's motion for a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).